UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELEN WAGSCHAL, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>-against-<br><br><br>EVEREST RECEIVABLE SERVICES, INC. and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff HELEN WAGSCHAL (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant EVEREST RECEIVABLE SERVICES, INC. and JOHN DOES 1-25 (hereinafter collectively "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

1

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located at 5165 Broadway, Ste 112, Depew, New York 14043.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    All consumers with an address in the state of New York who received collection letters from the Defendant attempting to collect an obligation allegedly owed to BROOKDALE MEDICAL CENTER, that states "Your past due contract is currently being reviewed to determine the appropriate action by this office. If you choose to resolve this matter voluntarily, you may take one of the following actions:

    1. Pay the balance in full with certified funds.
    2. Contact this office to make acceptable payment arrangements."

    "If you choose to do none of these things, this office will without further notice declare the entire balance due with interest and proceed accordingly."

    a. The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class

3

action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to December 31, 2015, an obligation was allegedly incurred to BROOKDALE MEDICAL CENTER. ("BMC")

17. The BMC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged BMC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19. BMC is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20. Defendant contends that the BMC debt is past due.

21. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

22. BMC directly or through an intermediary contracted the Defendant to collect the alleged debt.

23. On or about December 31, 2015, the Defendant caused to be delivered to the Plaintiff a collection letter (the "Letter") in an attempt to collect the alleged BMC debt. *See* **Exhibit A.**

24. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. The Defendant's Letter states in part:

> "Brookdale Medical Center has purchased your account that had originated with Brookdale Medical Center. Brookdale Medical Center has placed your account with our office for collection. The entire balance of $432.96 is now due. Please remit payment using the bottom of this notice. Contact us if you already have paid

6

or want to discuss other payment options."

27. The Letter continues and provides the Plaintiff with a thirty day validation notice, giving the consumer thirty days from receipt of this notice to dispute the validity of the debt.

28. On January 19, 2016, the Defendant caused to be delivered to the Plaintiff a second collection letter (the "Letter") in an attempt to collect the alleged BMC debt. *See* **Exhibit B.**

29. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

30. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

31. The Defendant's January 19, 2016 Letter states in part:

> "This is a demand for payment of the original debt incurred by you as identified above. This office has been assigned the above referenced debt and all your rights and obligations regarding the contract have been transferred to this office. This office considers this a serious matter."
>
> "Your past due contract is currently being reviewed to determine the appropriate action by this office. If you choose to resolve this matter voluntarily, you may take one of the following actions:
>
>   1. Pay the balance in full with certified funds.
>   2. Contact this office to make acceptable payment arrangements."

32. Said January 19, 2016 Letter further stated:

> "If you choose to do none of these things, this office will without further notice declare the entire balance due with interest and proceed accordingly."

33. The January 19, 2016 Letter continues and provides the Plaintiff with an additional thirty day validation notice.

34. Pursuant to 15 U.S.C. §1692g, if a consumer disputes the debt within the thirty day validation notice, the debt collector must cease all collection activity until they are able to verify the debt.

7

35. As such, if the Plaintiff was to dispute the debt here, Defendant would have been prohibited from declaring the entire balance due with interest and proceed accordingly.

36. The language in which the Defendant afforded the Plaintiff with only two options, to either pay or call and make payment arrangement, with the threat that if none of those options are taken that the entire balance would be due with interest, therefore overshadows Plaintiffs thirty day validation notice.

37. It has been well established that a debt collector must notify the consumer of his or her validation rights which must not be either "overshadowed" or contradicted by other language or material in the original collection letter.

38. There is a risk of real harm associated with the Defendant's deceptive and misleading collection practices.

39. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

40. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

41. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

42. Furthermore, upon information and belief, the Defendant had no legal right or intention to charge interest.

43. Defendant's actions as described herein are part of a pattern and practice used to collect

consumer debts

44. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

45. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. The Defendant violated said section by:

    a. Falsely representing the character, amount or legal status of the debt in violation of 1692e(2).

    b. Making a threat in which the Defendant had not legal right and/or intention of taking in violation of 1692e(5).

    c. Using a false or deceptive means in an attempt to collect a debt in violation of 1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct

violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(g).

53. Pursuant to 15 USC §1692g, a debt collector:

   (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
   (1) The amount of the debt;
   (2) The name of the creditor to whom the debt is owed;
   (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
   (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

54. The validation notice must not be either "overshadowed" or contradicted by other language or material in the original collection letter.

55. The Defendant violated 1692g:

   a. Overshadowing the December 31, 2015 30 day validation notice by sending

    another collection letter 20 days later, January 19, 2016 containing another 30 day validation notice, demanding payment of the balance in full.

    b. Overshadowing the Plaintiff's thirty day validation notice by providing two options, neither of which was to dispute the alleged debt, prior to interest being added.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 21, 2016      */s/ Ari H. Marcus*
                                      Ari Marcus, Esq.

                          MARCUS & ZELMAN, LLC
                          1500 Allaire Avenue, Suite 101
                          Ocean, New Jersey 07712
                          (732) 695-3282 telephone
                          (732) 298-6256 facsimile
                          ari@marcuszelman.com
                          *Attorneys for Plaintiff*


                          */s/ Yitzchak Zelman*
                          Yitzchak Zelman, Esq.
                          MARCUS & ZELMAN, LLC
                          1500 Allaire Avenue, Suite 101
                          Ocean, New Jersey 07712
                          (732) 695-3282 telephone
                          (732) 298-6256 facsimile
                          Yzelman@marcuszelman.com
                          *Attorneys for Plaintiff*


## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  December 21, 2016        */s/ Ari H. Marcus*
                                              Ari Marcus, Esq.


## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 21, 2016         */s/ Ari H. Marcus*
                                             Ari Marcus, Esq.